IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| ERIC LAVAL THOMPSON,<br>TDCJ-CID No. 01806899,<br><br>Plaintiff,<br><br>v.<br><br>GREG C. JETER *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:18-CV-209-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed November 6, 2018. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint.

### FACTUAL BACKGROUND

Plaintiff alleges that on December 14, 2017, he was given a bogus disciplinary case for "disorderly conduct of a sexual nature" by Defendant Clausen when returning from the chow hall. ECF No. 3 at 4. Plaintiff claims that — as a result — he received a disciplinary case. *Id.* Plaintiff also challenges the due process he received during his disciplinary proceeding, because he was not allowed to call witnesses on his own behalf. *Id.*

## LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## ANALYSIS

To any extent Plaintiff is requesting monetary damages for due process violations during his disciplinary hearing — such as any claim that a Defendant provided false testimony or that his punishment was imposed before his appeal was perfected — those claims are frivolous until the *Heck* conditions are met. The Supreme Court has held that a § 1983 claim that attacks the constitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting and held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits was not cognizable under § 1983.

Here, Plaintiff argues he was falsely accused and is innocent of the disciplinary charges. *Heck* bars these claims. Additionally, Plaintiff claims his due-process rights were violated because he was not allowed to call a witness in his disciplinary hearing. ECF No. 3 at 4. Plaintiff has not stated a viable claim for denial of his right to procedural due process. An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A prisoner charged with an institutional rule violation during a prison disciplinary proceeding is only entitled to relief under the Due Process Clause when the disciplinary conviction resulted in a sanction that infringed upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–87 (1995). A Due Process violation may occur as a result of a direct constitutional violation or as the result of a violation of a state-created interest. *See id.* The range of protected interests "has been dramatically narrowed" by the Supreme Court by its *Sandin* opinion. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995). The cases indicate that — to trigger protection under the Due Process Clause directly — state action must subject the prisoner to consequences that are "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Toney v. Owens*, 779 F.3d 330, 337 (5th Cir. 2015) (quoting *Vitek v. Jones*, 445 U.S. 480, 493 (1980)). Plaintiff has not alleged such a claim.

## CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** the Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED** as frivolous until the *Heck* conditions are met and for failure to state a claim.

**SO ORDERED.**

February 16, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE